Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200000662
Transaction ID: 0010336164
Filing Date: 02/28/2020 03:28:01 PM CST

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| JANE DOE,<br>And all other similarly<br>Situated,<br>    Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE<br>UNIVERSITY OF NEBRASKA;<br>HANK BOUNDS, PRESIDENT OF<br>THE UNIVERISTY OF<br>NEBRASKA, Individually and in his<br>official capacity; RONNIE GREEN,<br>CHANCELLOR OF THE<br>UNIVERSITY OF NEBRASKA<br>LINCOLN, Individually and in his<br>official capacity; JAKE JOHNSON<br>ASSISTANT VICE CHANCELLOR<br>FOR STUDENT AFFAIRS,<br>Individually; MEAGAN COUNLEY,<br>DEPUTY TITLE IX<br>COORDINATOR FOR UNL AND<br>IX INVESTIGATOR AND/OR THE<br>TITLE IX COORDINATOR FOR<br>UNL, Individually and in her official<br>capacity; TAMI STRICKMAN,<br>ASSOCIATE TO THE<br>CHANCELLOR AND TITLE IX<br>COORDINATOR, Individually and<br>in her official capacity; MARC<br>PEARCE, ASSISTANT DEAN FOR<br>STUDENT AFFAIRS AND<br>ADMINISTRATION AT THE<br>UNIVERSITY OF NEBRASKA<br>COLLEGE OF LAW, Individually;<br><br>    Defendants. | CASE NO.:<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

**EXHIBIT A**

1

**COMES NOW** the Plaintiff, Jane Doe, and for her causes of action against Defendants, alleges and states as follows:

1. This is an action for damages and injunctive relief against the Defendants for acts in violation of 42 U.S.C. § 1983 of Plaintiff's Due Process and Equal Protection Rights guaranteed under the Fourteenth Amendment, 20 U.S.C. § 1681 et seq., and Attorney Fees pursuant to 42 U.S.C. § 1988(b).

## Parties

2. Defendant Board of Regents of the University of Nebraska ("Regents") operates and governs The University of Nebraska ("UNL"), a public, state university located in Lincoln, NE.

3. Defendant Jake Johnson ("Johnson") is, and was at all times relevant, the Assistant Vice Chancellor for Student Affairs at UNL.

4. Defendant Hank Bounds was at all times relevant, the President of the University of Nebraska and is sued individually and in his official capacity.

5. At all times relevant, Bounds was an official policy maker for UNL.

6. Defendant Ronnie Green was at all times relevant, the Chancellor of the University of Nebraska is sued in his individual and official capacity.

7. At all times relevant, Green was an official policy maker for UNL.

2

8. Defendant Meagan Counley ("Counley") is, and was at all times relevant the Deputy Title IX Coordinator for UNL and IX Investigator and/or the Title IX Coordinator for UNL, and is sued in her individual and official capacity.

9. At all times, Counley was an official policy maker for UNL.

10. Defendant Tami Strickman was at all times relevant the Associate to the Chancellor and Title IX Coordinator for UNL and is sued in her individual and official capacity.

11. Defendant Marc Pearce is, and was at all times relevant the Assistant Dean for Student Affairs and Administration at the University of Nebraska College of Law.

12. Plaintiff Jane Doe was, at all times relevant, a student at UNL College of Law.

13. The University of Nebraska Lincoln receives federal financial assistance and is therefore subject to the dictates of Title IX.

14. All relevant events occurred in Lincoln, Lancaster County, therefore venue is appropriate.

### Facts related to Policies and Investigations

15. The Office of Civil Rights ("OCR"), a division of the United States Department of Education ("DOE"), is responsible for the implementation, interpretation, and enforcement of Title IX.

3

16. The OCR has promulgated numerous documents outlining the requirements for an educational institution to be in compliance with Title IX, including the Dear Colleague Letter of April 4th, 2011 ("DCL"), which deals specifically with peer-on-peer sexual harassment and sexual assault.

17. The DOE was authorized by Congress to promulgate regulations to govern the implementation, interpretation and enforcement of Title IX.

18. The DCL is a "significant guidance document," intended to provide educational institutions with clarity as to the requirements they must follow in order to be in compliance with the DOE.

19. The DCL specifically outlines the requirements that educational institutions must follow regarding peer-on-peer sexual harassment and assault.

20. A failure to adhere to the requirements outlined in the DCL could result in the loss of federal funding for an educational institution.

21. At the time of the conduct alleged herein, The University of Nebraska – Lincoln office of Institutional Equity and Compliance issued a published policy on UNL Title IX Responsible Employees.

22. UNL has an office of Institutional Equity and Compliance (IEC) to investigate complaints and reports of sexual harassment, assault, and/or discrimination under Title IX.

23. The policy states that the university is required to designate campus community members who are responsible for reporting incidents of sexual misconduct to the IX Coordinator for the purpose of conducting an investigation into the situation.

24. The policy further states, "once a Responsible Employee knows or should know of possible sexual misconduct, the university is deemed to have notice of it, and is obligated to investigate and take appropriate action."

25. The policy defines sexual misconduct as including sexual harassment, dating violence, domestic violence, stalking and sexual assault.

26. The policy states that "all individuals with the following in their titles will be Title IX Responsible Employees for the purposes of Title IX:  Dean, Associate Dean, Director, Associate Director, Assistant Director, Manager, Department Chair and Department Head.

27. The policy lists Responsible Employees stating "The following positions have been specifically identified as Responsible Employees".  The list includes:

   a. Management or Supervisory Level Employees – Any employees who have management or supervisory level duties involving hiring, termination and/or discipline related decisions.

   b. Faculty- Department Charis, Department Heads, School Directors.

   c. Academic Affairs – Deans, Associate Deans.

28. With regard to non-responsible employees that the University encourages all other university employees and faculty members to: 1) assist UNL community member with reporting to the Title IX Coordinator and/or local law enforcement; and/or )2 assist a community member by directing the individual to resource and reporting options; 3) and/or report concerns to your supervisor or the Title IX Coordinator.

29. With regard to Responsible Employee Obligations, the policy states that a Responsible Employee is obligated to take the following action upon hearing of sexual misconduct allegations:

   d. Before than individual reveals information the individual wishes to keep confidential, make sure the individual understands the Responsible Employee's obligations to report the names of the parties and relevant facts to the Title IX Coordinator, and the inability to keep the information confidential. Inform the individual that the Title IX Coordinator or designee will be contacting them if allegations are shared.

   e. Provide the individual with a list of confidential resources.

   f. Inform the individual of the right to file a Title IX complaint with the Title IX Coordinator of the office of Civil Rights.

   g. Inform the individual of the right to be free from retaliation for filing a complaint.

h. Inform the individual of the importance of preserving evidence, even if the person may not be considering reporting at the present time.

i. Immediately report the sexual misconduct allegations or situation in accordance with the Title IX reporting structure within your department/College or directly to the Title IX Coordinator.

j. Report the situation to campus police if you are identified as a Campus Security Authority and if the situation is reportable crime under the Clearly Act.

30. The University of Nebraska Lincoln published a Student Code of Conduct and Disciplinary Procedures Appendix A: Response to Allegations of Student Misconduct providing definitions and obligations related to complaints of sexual misconduct.

31. The Policy included the following language.

32. The University will take action to eliminate, prevent, and redress once the University has notice that sexual misconduct has occurred.

33. "Sexual misconduct" includes dating violence, domestic assault, domestic violence, rape, sexual assault, sexual harassment (whether sexual violence is involved or not), and stalking.

34. All students are protected against sexual misconduct under this policy

7

35. The University will investigate reported allegations of sexual misconduct and may take appropriate remedial action even if the person allegedly subject to misconduct or the Complainant does not wish to pursue formal charges.

36. Sexual misconduct by or against a student may be investigated by the University whether it is alleged to have been committed on or off campus.

37. Complaints regarding sexual misconduct against a student by a student can be made to the:

> UNL Title IX Coordinator
>
> Tami Strickman
>
> 402-472-3417
>
> 128 Canfield Administration Building
>
> Email: tami.strickman@unl.edu

38. University policy prohibits retaliation against any person making a complaint of sexual misconduct or against any person cooperating in the investigation, including but not limited to witnesses.

39. Upon receipt of a sexual misconduct complaint or report, the University will provide the Complainant a written notice describing the options of pursuing a criminal complaint with a law enforcement agency, filing an administrative charge with an external agency, and/or using the University's investigation and disciplinary processes.

8

40. The Conduct Officer or Title IX Coordinator shall conduct an investigation to determine if the allegation(s) have merit. Investigations of the allegations should be concluded within (60) calendar days of receipt of a report, and may be permitted a longer completion period under extraordinary circumstances, but both parties must be informed in writing of the extension of the timeline.

41. "No contact" directives are to be issued in writing to persons involved in any alleged sexual misconduct promptly after the University receives notice of a complaint.

42. Sexual misconduct proceedings will be conducted by trained University officials to provide a prompt, fair, and impartial process from initial investigation to the final result.

43. The Complainant and the Respondent have the right to be assisted by any advisor they choose, including legal counsel, at their own expense.

44. A Respondent and the Complainant have the right to hear all evidence, present evidence, testify, and to hear and submit questions for witnesses during formal hearings

45. Based on information and belief, UNL consistently, and virtually always, failed to complete their sexual harassment and/or assault investigations within the sixty-day time period prescribed in UNL's official policies.

46. Strickman's job duties as Title IX Coordinator the following: Ensuring UNL complies with Title IX and other related laws, Creation and application of university policies and procedures related to Title IX, Coordination of implementation and administration of complaint procedures and investigations, and Working to create a safe learning and working campus environment.

47. As set out more thoroughly below, Defendant Strickman did not meet the duties she was required to fulfill as Title IX coordinator.

48. In the present case, there was no finding of extraordinary circumstances for the failure to complete the investigation within sixty days.

49. In the summer of 2018, UNL ended its contract with Voices of Hope to provide victim's services who reported a sexual assault to the IEC or other mandatory reporters.

50. This followed complaints and advocacy on behalf of female victims and the disparate handling of Title IX complaints by female victims.

51. In September 2018, complaints about Strickman's biased handling of complaints, and IEC's female victim blaming practices began to be reported.

52. At this time Green, Bounds, Strickman, and Coounley knew or should have known of the complaints.

**Facts specific to the Plaintiff**

10

53. On or about September, 2018, Plaintiff was contacted by Matt Soltys, a fellow student of the University of Nebraska College of Law.

54. Soltys invited the Plaintiff to his apartment for a Whiskey Sour.

55. The Plaintiff agreed and went to Mr. Soltys' apartment and was provided drinks by Mr. Soltys.

56. Plaintiff was unknowingly given a drug and sexually assaulted by Mr. Soltys that evening.

57. After this incident, Soltys began stalking the Plaintiff.

58. Soltys would pursue the Plaintiff at friends' apartments, and at the law school.

59. Soltys increasingly tried to find the Plaintiff and have contact with the Plaintiff.

60. Soltys repeatedly contacted the Plaintiff.

61. Soltys approached the Plaintiff running and yelling at her in the school parking lot at dusk.

62. Soltys would make himself near the Plaintiff at the law school as her classes were to get out.

63. Plaintiff would have to have friends wait at the school until they felt comfortable that Soltys would not approach the Plaintiff.

64. Plaintiff and friends learned that Soltys had determined where the Plaintiff was and listened outside the apartment where she was a guest with friends on at least more than one occasion.

65. Plaintiff and her friends complained to third-year law student, Deanna Pina about the stalking.

66. On or about October 5, 2018, Pina then reported the stalking to Dean Marc Pearce.

67. Pearce indicated that he spoke to Soltys and determined that the talk "went very well".

68. Pearce indicated that he would "pass a note" to the Title IX office and that they would potentially contact Pina if they investigated.

69. Pina (nor any of the concerned first year students) was not contacted by Title IX in the fall of 2018 to discuss the concerns of Soltys stalking.

70. Soltys stalking actions toward the Plaintiff continued.

71. Plaintiff was forced to have her locks changed on or about October 8, 2018 due to Solty's actions and the threat he continued to pose.

72. Following Pearce's knowledge of the complaint, and the failure of the IEC to investigate, the Plaintiff continued to be subjected to Soltys behavior through the remainder of the first semester.

73. Soltys continued to seat himself near the Plaintiff in classes.

74. On or about January 2019, Pearce contacted the Plaintiff to discuss her fall grades.

75. On or about January 9, 2019, Plaintiff met with Pearce to discuss her fall grades.

76. During the meeting, on or about January 9, 2019, Plaintiff informed Dean Marc Pearce about the fact that she had been sexually assaulted by Soltys, another UNL College of Law Student with the aid of some sort of drug or substance in September 2018.

77. Pearce failed to provide the Plaintiff with written notice of her available reporting and support options as outlined in the policy.

78. Following the Plaintiff's disclosure to Pearce, and complaints of Sotlys continuing to sit near the Plaintiff and to be assigned the same classes as Soltys, Soltys continued to sit near the Plaintiff.

79. Defendant Pearce did not notify the Title IX office until March of 2019 of Plaintiff's complaint of sexual assault.

80. On or about April 30, 2019, Counley sent a letter to the Plaintiff via email stating, "As you know, our office is in the process of investigating the sexual assault and stalking concerns you reported to our office.  While we make every effort to complete Title IX investigations within sixty (60) days of receiving notice of a complaint, this investigation may exceed sixty (60) days."

81. Counley's letter did not cite any extraordinary circumstances that would support a delay beyond the sixty (60) day time period proscribed for investigation by the policies.

82. On or about April 30, 2019, Plaintiff's counsel emailed Defendant Counley notifying Counley of her representation of the Plaintiff.

83. On or about May 1, 2019, Counley emailed the Plaintiff and included Plaintiff's counsel indicating "… I received your FERPA waiver for Joy…"

84. On or about May 1, 2019, Megan Counley, Deputy Title IX Coordinator and Investigator for the University of Nebraska – Lincoln, emailed the Plaintiff indicating that Ms. Counely would be meeting with Mr. Soltys and his legal counsel on Friday, (May 3rd) for an interview of Mr. Soltys.

85. Ms. Counley confirmed the Plaintiff's representation of counsel by sending Plaintiff's counsel a copy of the May 1, 2019 email from Ms. Counley to the Plaintiff.

86. Mr. Soltys and his counsel met with Ms. Counley but instead of participating in the interview, Ms. Counley allowed Mr. Soltys counsel to direct Ms. Counley to obtain and provide additional information to Mr. Soltys prior to him participating in an investigatory interview.

87. Following Mr. Soltys meeting with Ms. Counley, Plaintiff was approached by witnesses she had provided to Mr. Counley who indicated that Mr. Soltys

attorney had requested that Ms. Counley seek information from the Plaintiff and her witnesses.

88. Ms. Counley approached the Plaintiff directly, and without notification to her legal counsel, requesting that the Plaintiff submit additional information.

89. It is known that Mr. Soltys counsel requested that Ms. Counley seek such specific information from the Plaintiff and the Plaintiff's witnesses.

90. On or about May 8, 2019, Plaintiff, through counsel, sent a letter to Ms. Counley detailing concerns with the disparity in the participation and notification between the Plaintiff's counsel and Mr. Soltys counsel.

91. Plaintiff's counsel noted that the additional information was not directed at the incidents included in the Plaintiff's complaint, but rather was information requested by and provided to Mr. Soltys through the assistance of the Defendant to harass and shame the Plaintiff and/or her witnesses.

92. On or about May 8, 2019, Plaintiff formally notified the Defendant of retaliation she suffered at the hands of Mr. Soltys as a result of her complaints.

93. On or about May 9, 2019, Plaintiff and her counsel received an email from Defendant Counley stating "As I have discussed with [Plaintiff], I am obligated to ask questions on behalf of both parties and am following process in doing so. As I explained to [Plaintiff], she does not have to answer the questions or provide the requested information.  It is voluntary.

15

I am meeting with Matt and his advisor on May 17th, in which Matt indicated he

will be providing a verbal or written statement.  I will follow up with [Plaintiff]

afterwards to go over Matt's statement and any evidence that he may provide.

[Plaintiff] is welcome to share that information with you, or you may both come

in to view it together.  We communicate directly with the parties involved, and

not their advisors."

94. Two phone conferences were held between the Plaintiff, Plaintiff's Counsel,
and Counley.

95. On or about July 17, 2019, Plaintiff and counsel received an email from
Counley with a draft report by Counley to review that the report would be
accessible to review for less than 48 hours.

96. On or about July 22, 2019, Plaintiff's counsel emailed Counley thanking her for
the draft report.

97. Plaintiff's counsel also noted to Counley that there was information included in
the report that was not reviewed with the Plaintiff and counsel.

98. Plaintiff's counsel requested to ask follow-up questions and noted additional
information to corroborate the Plaintiff's claim.

99. Plaintiff's counsel also inquired if the Plaintiff would be allowed to submit a
response or comment or opportunity to correct any inaccuracies.

100.   On or about July 22, 2019, in response to Plaintiff's requests, Counley indicated to Plaintiff and counsel that "[Plaintiff] may correct any inaccuracies in her own statement… that she may make comments on other's statements… if there are specific follow up questions [Plaintiff] would like asked, please send those to [Counley] as soon as possible."

101.   On or about July 31, 2019, Plaintiff responded to Counley as Counley had made it clear that Plaintiff's counsel could not respond for Plaintiff.

102.   In her response, Plaintiff noted the limited amount of time given to go over the draft report noting the difficulty of providing a thorough review and opportunity to respond.

103.   The Plaintiff noted the anonymous report of stalking by Mr. Soltys but noted the lack of any information about how that report was responded to or whether any Title IX investigation was undertaken.

104.   The Plaintiff also requested that Counley follow up with Mr. Soltys father about the potential side-effects of the drug that he is a representative for and whether when mixed with alcohol and if Mr. Soltys had access to the drug and/or bragged about access to drugs.

105.   The Plaintiff noted the deficiencies in the mandatory reporting requirements by Defendant Pearce.

106.   The Plaintiff noted that the investigation was not neutral but instead Mr. Soltys.

107.   The Plaintiff noted the delay in interviewing Mr. Soltys by the Title IX office.

108.   The Plaintiff noted the multiple indications where Defendant Counley communicated directly with Soltys counsel despite the refusal to communicate with Plaintiff's counsel directly.

109.   The Plaintiff noted that "the investigation has been designed to disprove my report of drug assisted sexual assault rather than an impartial investigation. There has been no investigation of the effects that the drug had on me or the access that Matt had to drugs.  It is clear that the evidence demonstrates that I was ill for days after the incident and my symptoms of out of the body experience is classic in these cases as is demonstrated in the literature which was provided and does not appear to have been followed up on."

110.   On or about August 16, 2019, Plaintiff received a letter from Defendant Counley which outlined the Plaintiff's complaints and the Respondent's denials of each.  Counley found that there had been no policy violation and the Title IX (IEC) office would not be making any sanction recommendations.

111.   The findings of the IEC were silent on Defendant Pearce's failure to timely report the assault that had been disclosed to him, on the threats and retaliatory

18

conduct by the Respondent toward the Plaintiff, and on the significant

information supporting the Plaintiff's claims provided but not included in the

initial report or in the findings.

112.   The findings of the IEC were silent on Defendant Counley's and the IEC

office's failure to timely investigate the report of stalking in the fall of 2018.

113.   The finding of the IEC were silent on Defendant Counley's and the IEC

office's failure to note any extenuating circumstances for not completing the

stalking investigation or the report of assault made in March 2019 in the

requisite sixty days.

114.   Counley's findings essentially were that because the Respondent denied the

allegations Counley would not find in the Plaintiff's favor.

115.   Shortly thereafter, Plaintiff filed a timely appeal of the findings of Counley.

116.   On or about September 5, 2019, Plaintiff received a letter notifying her that

Dr. Jake Johnson, Assistant Vice Chancellor of Student Affairs would be

conducting a review pursuant to the appeal process.

117.   On or about September 24, 2019, Plaintiff received a letter from Dr. Johnson

stating that "the [University of Nebraska-Lincoln Student Code of Conduct

("Code")] does not specify a standard of review for such appeals, but

reasonableness is the guiding principle upon which such reviews are conducted.

The Student Affairs Officer's review should answer the question of whether the

19

University's Investigator could reasonably conclude that, based on the totality of the available information, the complaint should be dismissed."

118.    Johnson's review, per his letter did not undertake any consideration into the deficiencies, bias, or burden of the Plaintiff to disprove the Respondent's denials in Counley's investigation.

119.    Johnson's review did not discuss or find fault in the failure of the IEC to timely investigate the stalking report of October 2018, or the failure of the IEC to show extenuating circumstances in not doing so.

120.    Johnson's review did not discuss or find fault in Pearce's failure to report the Plaintiff's disclosure of sexual assault until nearly 60 days after the report was made to him despite being a mandatory reporter under UNL's policies.

121.    Johnson's review did not discuss or find fault in the IEC's failure to complete a timely investigation within sixty days or to note any extenuating circumstances in delaying the investigation.

122.    Defendant Strickman was the director and was responsible for ensuring that the IEC performed a neutral, timely, and thorough investigation of each complaint of sexual assault and harassment by the Plaintiff.

123.    Strickman condoned Pearce's delayed reporting of the Plaintiff's report of sexual assault despite him being a mandatory reporter.

124.   Strickman condoned and/or directed Counley's biased and harassing investigation of the female Plaintiff's claims giving the male Soltys and his male attorney great leeway to control and conduct the investigation in a manner that suited Soltys.

125.   Strickman condoned and/or directed Counley's failure to investigate the Stalking report in Fall of 2018 in a timely manner.

126.   Strickman condoned and/or directed Counley's failure to investigate the complaint of sexual assault by the Plaintiff in a timely manner.

127.   Strickman condoned and/or directed Counley's failure to note any extenuating circumstances for the delay in the investigation.

128.   Defendant Green was responsible for the policies and practices of the University including the direct supervision of Defendant Strickman and the Title IX office.

129.   In March and April 2019, Defendant Green was directly notified of continuous and serious deficiencies by the IEC and staff of Strickman.

130.   The complaints to Green included insufficient investigations, untimely investigations, biased investigations, and conduct of the IEC office, including Strickman and Counley designed to discourage female students from reporting and pursuing complaints under Title IX for sexual assault and/or harassment.

131.   Despite knowing the concerns regarding the IEC office, Strickman, and

Counley, Green took no actions ensure that the Plaintiff was provided a neutral,

thorough, and/or timely investigation as required by Title IX.

132.   Green took no action regarding Defendant Pearce's failure to timely report

the Plaintiff's report to Title IX pursuant to the policies of UNL.

133.   Green provided a form letter to some of the individuals who complained

directly to him, but did not take actions to address the deficiencies of the IEC.

134.   In 2019, Defendant Bounds was aware of the complaints to Green regarding

the handling of Title IX complaints outlined above.

135.   Bounds took no action to ensure that Green took the complaints seriously.

136.   Bounds took no action to ensure that the IEC was required to follow the

policies of UNL.

137.   Bounds took no action regarding Defendant Pearce's failure to timely report

the Plaintiff's report to Title IX pursuant to the policies of UNL.

138.   The actions of all Defendants left the Plaintiff liable or vulnerable to

continued harassment and reasonable fear of further sexual assault by Soltys.

139.   As a result of the Defendants actions and failure to implement and follow

Title IX policies, the Plaintiff was forced to withdraw from UNL.

140.   Upon information and belief, other female students have been subjected to biased, untimely, insufficient, and victim blaming interviews in a similar fashion.

141.   Upon information and belief, other female students have been discouraged from formally reporting sexual assault and harassment by the Title IX office.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 20 U.S.C. § 1681 (TITLE IX)

## (AGAINST ALL DEFENDANTS)

142.   Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth herein.

143.   The sex-based harassment articulated in Plaintiff's general allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational benefits provided by UNL.

144.   Defendants created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX), because:

(a) Plaintiff, a female student, was a member of a protected class.

(b) Plaintiff was subjected to sexual harassment in the form of a sexual assault by another UNL student.

23

(c) Plaintiff was subjected to harassment based on her sex.

(d) Defendants created the circumstances which permitted the sexual assault to take place by failing to follow normal reporting and investigative procedures regarding sexual assault and failing to properly train staff.

(e) Defendants' failure to follow normal protocols in order to protect the university and failure to properly train staff cultivated an environment in which female students became vulnerable to sexual assault.

(f) Plaintiff was subjected to a hostile educational environment created by Defendants' lack of effective and appropriate policies and procedures to properly prevent, investigate, and address sexual assault and harassment and/or lack of implementation of effective and appropriate policies and procedures to properly prevent, investigate, and address sexual assault and harassment.

145.    Defendants' failure to promptly and appropriately respond to the sexual assault resulted in Plaintiff, based on her gender, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in UNL's education program in violation of Title IX.

146.    Defendants failed to take immediate, effective remedial steps to resolve the complaint of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

147.   The acts, and failures to act, perpetrated against Plaintiff amounted to
unlawful sexual harassment and discrimination on the basis of gender. One or
more administrators or officials of UNL, with authority to take corrective action
on Plaintiff's behalf, had actual notice of said discrimination and failed to
adequately respond, in violation of their own policies. Those failures amounted
to deliberate indifference toward the unlawful sexual conduct that had occurred,
was occurring, or was likely to occur.

148.   Defendants engaged in suppressing sexual assault grievances, violated its
own policies regarding sexual assault investigations, violated Title IX, and
provided preferential treatment to male perpetrators.

149.   This pattern and practice resulted in an unwritten, unofficial policy of
protecting perpetrators and discouraging complainants from reporting.

150.   This policy constitutes disparate and unequal treatment of female students
and has a disparate impact on female students.

151.   As enumerated above, the Defendants acted with deliberate indifference in
deviating from the standard of care outlined by USED in the Dear Colleague
Letter of 2011.

152.   Plaintiff has suffered emotional distress, psychological damages, physical
manifestation of psychological distress, humiliation, loss of self-esteem, loss of
enjoyment of life, loss of earnings, loss of earning capacity, academic failures,

and past and ongoing medical expenses as a direct and proximate result of Defendants' deliberate indifference to her rights under Title IX.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

## (AGAINST ALL DEFENDANTS)

153.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

154.    Under the Fourteenth Amendment, Plaintiff, a female university student, had the right to Equal Protection of Laws. Defendants were state actors acting under color of state law.

155.    Defendants subjected Plaintiff to violations of her right to and Equal Protection of Laws by maintaining a custom, policy and/or procedure:

a.    Of actively discouraging victims of sexual assault from reporting sexual assaults.

b.    Of failing to notify sexual assault victims of their Title IX protections, rights and accommodations.

c.    Of failing to notify sexual assault victims of all reporting and confidentiality options.

d.    Of failing to adequately train administrators, employees and others in a position to discover, report, investigate or prevent the acts

26

complained of herein, which amounted to the above referenced

violations of constitutional rights and / or federal law.

156.   Plaintiff has suffered emotional distress, psychological damages, physical

manifestation of psychological distress, humiliation, loss of self-esteem, loss of

enjoyment of life, loss of earnings, loss of earning capacity, academic failures,

and past and ongoing medical expenses as a direct and proximate result of

Defendant's deliberate indifference to her rights under Title IX.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests this court to assume

jurisdiction over this case and:

a.   Compensatory damages for Plaintiff's psychological and emotional

distress, physical manifestation of emotional distress, embarrassment, loss

of self-esteem, humiliation, loss of enjoyment of life, prevention of

obtaining full enjoyment of life, loss of earnings past, present, and future,

loss of earning capacity, past, present, and future expenses for medical

and psychological treatment and therapy;

b.   Punitive damages;

c.   Injunctive relief requiring Defendants to take effective steps to prevent

sex-based discrimination and harassment, including sexual assault, in all

its programs and activities; fully investigate conduct that may constitute

sex-based harassment and/or sexual assault; mitigate the effects of

harassment and/or assault including by eliminating any hostile

environment that may arise from or contribute to it;

d.  Statutory interest;

e.  Costs;

f.  Reasonable attorney fees; and

g.  Any other relief the Court deems appropriate.

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiffs hereby request that a Jury Trial be held in Lincoln, Nebraska.

JANE DOE and all similarly situated,

By:/s/ Abby Osborn_____
    Abby Osborn, #24527
    Joy Shiffermiller, #18164
    Shiffermiller Law Office, P.C., L.L.O.
    1002 G Street
    Lincoln, Nebraska 68508
    402-484-7700
    402-484-7714 (fax)

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

JANE DOE,                              )
And all other similarly                )
Situated,                              )
       Plaintiff,            )          CASE NO.: CI 20-662
                )
       v.                   )
                )
BOARD OF REGENTS OF THE                )
UNIVERSITY OF NEBRASKA;                )          FIRST AMENDED COMPLAINT
HANK BOUNDS, PRESIDENT OF              )          AND DEMAND FOR JURY TRIAL.
THE UNIVERSITY OF                      )
NEBRASKA, Individually and in his      )
official capacity; RONNIE GREEN,       )
CHANCELLOR OF THE                      )
UNIVERSITY OF NEBRASKA                 )
LINCOLN, Individually and in his       )
official capacity; JAKE JOHNSON        )
ASSISTANT VICE CHANCELLOR              )
FOR STUDENT AFFAIRS,                   )
Individually; MEAGAN COUNLEY,          )
DEPUTY TITLE IX                        )
COORDINATOR FOR UNL AND                )
IX INVESTIGATOR AND/OR THE             )
TITLE IX COORDINATOR FOR               )
UNL, Individually and in her official  )
capacity; TAMI STRICKMAN,              )
ASSOCIATE TO THE                       )
CHANCELLOR AND TITLE IX                )
COORDINATOR, Individually and          )
in her official capacity; MARC         )
PEARCE, ASSISTANT DEAN FOR             )
STUDENT AFFAIRS AND                    )
ADMINISTRATION AT THE                  )
UNIVERSITY OF NEBRASKA                 )
COLLEGE OF LAW, Individually;          )
                )
       Defendants.          )

**COMES NOW** the Plaintiff, Jane Doe, and for her causes of action against Defendants, alleges and states as follows:

1. This is an action for damages and injunctive relief against the Defendants for acts in violation of 42 U.S.C. § 1983 of Plaintiff's Due Process and Equal Protection Rights guaranteed under the Fourteenth Amendment, 20 U.S.C. § 1681 et seq., and Attorney Fees pursuant to 42 U.S.C. § 1988(b).

## Parties

2. Defendant Board of Regents of the University of Nebraska ("Regents") operates and governs The University of Nebraska ("UNL"), a public, state university located in Lincoln, NE.

3. Defendant Jake Johnson ("Johnson") is, and was at all times relevant, the Assistant Vice Chancellor for Student Affairs at UNL.

4. Defendant Hank Bounds was at all times relevant, the President of the University of Nebraska and is sued individually and in his official capacity.

5. At all times relevant, Bounds was an official policy maker for UNL.

6. Defendant Ronnie Green was at all times relevant, the Chancellor of the University of Nebraska is sued in his individual and official capacity.

7. At all times relevant, Green was an official policy maker for UNL.

2

8.  Defendant Meagan Counley ("Counley") is, and was at all times relevant the Deputy Title IX Coordinator for UNL and IX Investigator and/or the Title IX Coordinator for UNL, and is sued in her individual and official capacity.

9.  At all times, Counley was an official policy maker for UNL.

10. Defendant Tami Strickman was at all times relevant the Associate to the Chancellor and Title IX Coordinator for UNL and is sued in her individual and official capacity.

11. Defendant Marc Pearce is, and was at all times relevant the Assistant Dean for Student Affairs and Administration at the University of Nebraska College of Law.

12. Plaintiff Jane Doe was, at all times relevant, a student at UNL College of Law.

13. The University of Nebraska Lincoln receives federal financial assistance and is therefore subject to the dictates of Title IX.

14. All relevant events occurred in Lincoln, Lancaster County, therefore venue is appropriate.

### **Facts related to Policies and Investigations**

15. The Office of Civil Rights ("OCR"), a division of the United States Department of Education ("DOE"), is responsible for the implementation, interpretation, and enforcement of Title IX.

3

16. The OCR has promulgated numerous documents outlining the requirements for an educational institution to be in compliance with Title IX, including the Dear Colleague Letter of April 4th, 2011 ("DCL"), which deals specifically with peer-on-peer sexual harassment and sexual assault.

17. The DOE was authorized by Congress to promulgate regulations to govern the implementation, interpretation and enforcement of Title IX.

18. The DCL is a "significant guidance document," intended to provide educational institutions with clarity as to the requirements they must follow in order to be in compliance with the DOE.

19. The DCL specifically outlines the requirements that educational institutions must follow regarding peer-on-peer sexual harassment and assault.

20. A failure to adhere to the requirements outlined in the DCL could result in the loss of federal funding for an educational institution.

21. At the time of the conduct alleged herein, The University of Nebraska – Lincoln office of Institutional Equity and Compliance issued a published policy on UNL Title IX Responsible Employees.

22. UNL has an office of Institutional Equity and Compliance (IEC) to investigate complaints and reports of sexual harassment, assault, and/or discrimination under Title IX.

4

23. The policy states that the university is required to designate campus community members who are responsible for reporting incidents of sexual misconduct to the IX Coordinator for the purpose of conducting an investigation into the situation.

24. The policy further states, "once a Responsible Employee knows or should know of possible sexual misconduct, the university is deemed to have notice of it, and is obligated to investigate and take appropriate action."

25. The policy defines sexual misconduct as including sexual harassment, dating violence, domestic violence, stalking and sexual assault.

26. The policy states that "all individuals with the following in their titles will be Title IX Responsible Employees for the purposes of Title IX: Dean, Associate Dean, Director, Associate Director, Assistant Director, Manager, Department Chair and Department Head.

27. The policy lists Responsible Employees stating "The following positions have been specifically identified as Responsible Employees". The list includes:

   a. Management or Supervisory Level Employees – Any employees who have management or supervisory level duties involving hiring, termination and/or discipline related decisions.

   b. Faculty- Department Charis, Department Heads, School Directors.

   c. Academic Affairs – Deans, Associate Deans.

28. With regard to non-responsible employees that the University encourages all other university employees and faculty members to: 1) assist UNL community member with reporting to the Title IX Coordinator and/or local law enforcement; and/or )2 assist a community member by directing the individual to resource and reporting options; 3) and/or report concerns to your supervisor or the Title IX Coordinator.

29. With regard to Responsible Employee Obligations, the policy states that a Responsible Employee is obligated to take the following action upon hearing of sexual misconduct allegations:

   d. Before than individual reveals information the individual wishes to keep confidential, make sure the individual understands the Responsible Employee's obligations to report the names of the parties and relevant facts to the Title IX Coordinator, and the inability to keep the information confidential. Inform the individual that the Title IX Coordinator or designee will be contacting them if allegations are shared.

   e. Provide the individual with a list of confidential resources.

   f. Inform the individual of the right to file a Title IX complaint with the Title IX Coordinator of the office of Civil Rights.

   g. Inform the individual of the right to be free from retaliation for filing a complaint.

6

h. Inform the individual of the importance of preserving evidence, even if the person may not be considering reporting at the present time.

i. Immediately report the sexual misconduct allegations or situation in accordance with the Title IX reporting structure within your department/College or directly to the Title IX Coordinator.

j. Report the situation to campus police if you are identified as a Campus Security Authority and if the situation is reportable crime under the Clearly Act.

30. The University of Nebraska Lincoln published a Student Code of Conduct and Disciplinary Procedures Appendix A: Response to Allegations of Student Misconduct providing definitions and obligations related to complaints of sexual misconduct.

31. The Policy included the following language.

32. The University will take action to eliminate, prevent, and redress once the University has notice that sexual misconduct has occurred.

33. "Sexual misconduct" includes dating violence, domestic assault, domestic violence, rape, sexual assault, sexual harassment (whether sexual violence is involved or not), and stalking.

34. All students are protected against sexual misconduct under this policy

7

35. The University will investigate reported allegations of sexual misconduct and may take appropriate remedial action even if the person allegedly subject to misconduct or the Complainant does not wish to pursue formal charges.

36. Sexual misconduct by or against a student may be investigated by the University whether it is alleged to have been committed on or off campus.

37. Complaints regarding sexual misconduct against a student by a student can be made to the:

UNL Title IX Coordinator

Tami Strickman

402-472-3417

128 Canfield Administration Building

Email: tami.strickman@unl.edu

38. University policy prohibits retaliation against any person making a complaint of sexual misconduct or against any person cooperating in the investigation, including but not limited to witnesses.

39. Upon receipt of a sexual misconduct complaint or report, the University will provide the Complainant a written notice describing the options of pursuing a criminal complaint with a law enforcement agency, filing an administrative charge with an external agency, and/or using the University's investigation and disciplinary processes.

8

40. The Conduct Officer or Title IX Coordinator shall conduct an investigation to determine if the allegation(s) have merit. Investigations of the allegations should be concluded within (60) calendar days of receipt of a report, and may be permitted a longer completion period under extraordinary circumstances, but both parties must be informed in writing of the extension of the timeline.

41. "No contact" directives are to be issued in writing to persons involved in any alleged sexual misconduct promptly after the University receives notice of a complaint.

42. Sexual misconduct proceedings will be conducted by trained University officials to provide a prompt, fair, and impartial process from initial investigation to the final result.

43. The Complainant and the Respondent have the right to be assisted by any advisor they choose, including legal counsel, at their own expense.

44. A Respondent and the Complainant have the right to hear all evidence, present evidence, testify, and to hear and submit questions for witnesses during formal hearings

45. Based on information and belief, UNL consistently, and virtually always, failed to complete their sexual harassment and/or assault investigations within the sixty-day time period prescribed in UNL's official policies.

9

46. Strickman's job duties as Title IX Coordinator the following: Ensuring UNL complies with Title IX and other related laws, Creation and application of university policies and procedures related to Title IX, Coordination of implementation and administration of complaint procedures and investigations, and Working to create a safe learning and working campus environment.

47. As set out more thoroughly below, Defendant Strickman did not meet the duties she was required to fulfill as Title IX coordinator.

48. In the present case, there was no finding of extraordinary circumstances for the failure to complete the investigation within sixty days.

49. In the summer of 2018, UNL ended its contract with Voices of Hope to provide victim's services who reported a sexual assault to the IEC or other mandatory reporters.

50. This followed complaints and advocacy on behalf of female victims and the disparate handling of Title IX complaints by female victims.

51. In September 2018, complaints about Strickman's biased handling of complaints, and IEC's female victim blaming practices began to be reported.

52. At this time Green, Bounds, Strickman, and Coounley knew or should have known of the complaints.

## Facts specific to the Plaintiff

10

53. On or about September, 2018, Plaintiff was contacted by Matt Soltys, a fellow student of the University of Nebraska College of Law.

54. Soltys invited the Plaintiff to his apartment for a Whiskey Sour.

55. The Plaintiff agreed and went to Mr. Soltys' apartment and was provided drinks by Mr. Soltys.

56. Plaintiff was unknowingly given a drug and sexually assaulted by Mr. Soltys that evening.

57. After this incident, Soltys began stalking the Plaintiff.

58. Soltys would pursue the Plaintiff at friends' apartments, and at the law school.

59. Soltys increasingly tried to find the Plaintiff and have contact with the Plaintiff.

60. Soltys repeatedly contacted the Plaintiff.

61. Soltys approached the Plaintiff running and yelling at her in the school parking lot at dusk.

62. Soltys would make himself near the Plaintiff at the law school as her classes were to get out.

63. Plaintiff would have to have friends wait at the school until they felt comfortable that Soltys would not approach the Plaintiff.

64. Plaintiff and friends learned that Soltys had determined where the Plaintiff was and listened outside the apartment where she was a guest with friends on at least more than one occasion.

11

65. Plaintiff and her friends complained to third-year law student, Deanna Pina about the stalking.

66. On or about October 5, 2018, Pina then reported the stalking to Dean Marc Pearce.

67. Pearce indicated that he spoke to Soltys and determined that the talk "went very well".

68. Pearce indicated that he would "pass a note" to the Title IX office and that they would potentially contact Pina if they investigated.

69. **Pina was contacted by Title IX in the fall of 2018 to discuss the concerns of Soltys stalking.**

   a. **Pina informed the Title IX office of the concerns she was aware about Mr. Soltys stalking the Plaintiff and other first year female students.**

   b. **Pina informed the Title IX office of concerns that Mr. Soltys may have taken advantage of other female students intoxication and engaged in non-consensual sexual encounters with them.**

70. Soltys stalking actions toward the Plaintiff continued.

71. Plaintiff was forced to have her locks changed on or about October 8, 2018 due to Solty's actions and the threat he continued to pose.

12

72. Following Pearce's knowledge of the complaint, and the failure of the IEC to investigate, the Plaintiff continued to be subjected to Soltys behavior through the remainder of the first semester.

73. Soltys continued to seat himself near the Plaintiff in classes.

74. On or about January 2019, Pearce contacted the Plaintiff to discuss her fall grades.

75. On or about January 9, 2019, Plaintiff met with Pearce to discuss her fall grades.

76. During the meeting, on or about January 9, 2019, Plaintiff informed Dean Marc Pearce about the fact that she had been sexually assaulted by Soltys, another UNL College of Law Student with the aid of some sort of drug or substance in September 2018.

77. Pearce failed to provide the Plaintiff with written notice of her available reporting and support options as outlined in the policy.

78. Following the Plaintiff's disclosure to Pearce, and complaints of Sotlys continuing to sit near the Plaintiff and to be assigned the same classes as Soltys, Soltys continued to sit near the Plaintiff.

79. Defendant Pearce did not notify the Title IX office until March of 2019 of Plaintiff's complaint of sexual assault.

80. On or about April 30, 2019, Counley sent a letter to the Plaintiff via email stating, "As you know, our office is in the process of investigating the sexual assault and stalking concerns you reported to our office. While we make every effort to complete Title IX investigations within sixty (60) days of receiving notice of a complaint, this investigation may exceed sixty (60) days."

81. Counley's letter did not cite any extraordinary circumstances that would support a delay beyond the sixty (60) day time period proscribed for investigation by the policies.

82. On or about April 30, 2019, Plaintiff's counsel emailed Defendant Counley notifying Counley of her representation of the Plaintiff.

83. On or about May 1, 2019, Counley emailed the Plaintiff and included Plaintiff's counsel indicating "… I received your FERPA waiver for Joy…"

84. On or about May 1, 2019, Megan Counley, Deputy Title IX Coordinator and Investigator for the University of Nebraska – Lincoln, emailed the Plaintiff indicating that Ms. Counely would be meeting with Mr. Soltys and his legal counsel on Friday, (May 3rd) for an interview of Mr. Soltys.

85. Ms. Counley confirmed the Plaintiff's representation of counsel by sending Plaintiff's counsel a copy of the May 1, 2019 email from Ms. Counley to the Plaintiff.

14

86. Mr. Soltys and his counsel met with Ms. Counley but instead of participating in the interview, Ms. Counley allowed Mr. Soltys counsel to direct Ms. Counley to obtain and provide additional information to Mr. Soltys prior to him participating in an investigatory interview.

87. Following Mr. Soltys meeting with Ms. Counley, Plaintiff was approached by witnesses she had provided to Mr. Counley who indicated that Mr. Soltys attorney had requested that Ms. Counley seek information from the Plaintiff and her witnesses.

88. Ms. Counley approached the Plaintiff directly, and without notification to her legal counsel, requesting that the Plaintiff submit additional information.

89. It is known that Mr. Soltys counsel requested that Ms. Counley seek such specific information from the Plaintiff and the Plaintiff's witnesses.

90. On or about May 8, 2019, Plaintiff, through counsel, sent a letter to Ms. Counley detailing concerns with the disparity in the participation and notification between the Plaintiff's counsel and Mr. Soltys counsel.

91. Plaintiff's counsel noted that the additional information was not directed at the incidents included in the Plaintiff's complaint, but rather was information requested by and provided to Mr. Soltys through the assistance of the Defendant to harass and shame the Plaintiff and/or her witnesses.

92. On or about May 8, 2019, Plaintiff formally notified the Defendant of
retaliation she suffered at the hands of Mr. Soltys as a result of her complaints.

93. On or about May 9, 2019, Plaintiff and her counsel received an email from
Defendant Counley stating "As I have discussed with [Plaintiff], I am obligated
to ask questions on behalf of both parties and am following process in doing so.
As I explained to [Plaintiff], she does not have to answer the questions or
provide the requested information.  It is voluntary.

I am meeting with Matt and his advisor on May 17th, in which Matt indicated he
will be providing a verbal or written statement.  I will follow up with [Plaintiff]
afterwards to go over Matt's statement and any evidence that he may provide.
[Plaintiff] is welcome to share that information with you, or you may both come
in to view it together.  We communicate directly with the parties involved, and
not their advisors."

94. Two phone conferences were held between the Plaintiff, Plaintiff's Counsel,
and Counley.

95. On or about July 17, 2019, Plaintiff and counsel received an email from
Counley with a draft report by Counley to review that the report would be
accessible to review for less than 48 hours.

96. On or about July 22, 2019, Plaintiff's counsel emailed Counley thanking her for
the draft report.

97. Plaintiff's counsel also noted to Counley that there was information included in the report that was not reviewed with the Plaintiff and counsel.

98. Plaintiff's counsel requested to ask follow-up questions and noted additional information to corroborate the Plaintiff's claim.

99. Plaintiff's counsel also inquired if the Plaintiff would be allowed to submit a response or comment or opportunity to correct any inaccuracies.

100.    On or about July 22, 2019, in response to Plaintiff's requests, Counley indicated to Plaintiff and counsel that "[Plaintiff] may correct any inaccuracies in her own statement… that she may make comments on other's statements… if there are specific follow up questions [Plaintiff] would like asked, please send those to [Counley] as soon as possible."

101.    On or about July 31, 2019, Plaintiff responded to Counley as Counley had made it clear that Plaintiff's counsel could not respond for Plaintiff.

102.    In her response, Plaintiff noted the limited amount of time given to go over the draft report noting the difficulty of providing a thorough review and opportunity to respond.

103.    The Plaintiff noted the anonymous report of stalking by Mr. Soltys but noted the lack of any information about how that report was responded to or whether any Title IX investigation was undertaken.

17

104.   The Plaintiff also requested that Counley follow up with Mr. Soltys father
about the potential side-effects of the drug that he is a representative for and
whether when mixed with alcohol and if Mr. Soltys had access to the drug
and/or bragged about access to drugs.

105.   The Plaintiff noted the deficiencies in the mandatory reporting requirements
by Defendant Pearce.

106.   The Plaintiff noted that the investigation was not neutral but instead Mr.
Soltys.

107.   The Plaintiff noted the delay in interviewing Mr. Soltys by the Title IX
office.

108.   The Plaintiff noted the multiple indications where Defendant Counley
communicated directly with Soltys counsel despite the refusal to communicate
with Plaintiff's counsel directly.

109.   The Plaintiff noted that "the investigation has been designed to disprove my
report of drug assisted sexual assault rather than an impartial investigation.
There has been no investigation of the effects that the drug had on me or the
access that Matt had to drugs.  It is clear that the evidence demonstrates that I
was ill for days after the incident and my symptoms of out of the body
experience is classic in these cases as is demonstrated in the literature which
was provided and does not appear to have been followed up on."

18

110.   On or about August 16, 2019, Plaintiff received a letter from Defendant

   Counley which outlined the Plaintiff's complaints and the Respondent's denials

   of each.  Counley found that there had been no policy violation and the Title IX

   (IEC) office would not be making any sanction recommendations.

111.   The findings of the IEC were silent on Defendant Pearce's failure to timely

   report the assault that had been disclosed to him, on the threats and retaliatory

   conduct by the Respondent toward the Plaintiff, and on the significant

   information supporting the Plaintiff's claims provided but not included in the

   initial report or in the findings.

112.   The findings of the IEC were silent on Defendant Counley's and the IEC

   office's failure to timely investigate the report of stalking in the fall of 2018.

113.   The finding of the IEC were silent on Defendant Counley's and the IEC

   office's failure to note any extenuating circumstances for not completing the

   stalking investigation or the report of assault made in March 2019 in the

   requisite sixty days.

114.   Counley's findings essentially were that because the Respondent denied the

   allegations Counley would not find in the Plaintiff's favor.

115.   Shortly thereafter, Plaintiff filed a timely appeal of the findings of Counley.

19

116.    On or about September 5, 2019, Plaintiff received a letter notifying her that

Dr. Jake Johnson, Assistant Vice Chancellor of Student Affairs would be

conducting a review pursuant to the appeal process.

117.    On or about September 24, 2019, Plaintiff received a letter from Dr. Johnson

stating that "the [University of Nebraska-Lincoln Student Code of Conduct

("Code")] does not specify a standard of review for such appeals, but

reasonableness is the guiding principle upon which such reviews are conducted.

The Student Affairs Officer's review should answer the question of whether the

University's Investigator could reasonably conclude that, based on the totality

of the available information, the complaint should be dismissed."

118.    Johnson's review, per his letter did not undertake any consideration into the

deficiencies, bias, or burden of the Plaintiff to disprove the Respondent's

denials in Counley's investigation.

119.    Johnson's review did not discuss or find fault in the failure of the IEC to

timely investigate the stalking report of October 2018, or the failure of the IEC

to show extenuating circumstances in not doing so.

120.    Johnson's review did not discuss or find fault in Pearce's failure to report the

Plaintiff's disclosure of sexual assault until nearly 60 days after the report was

made to him despite being a mandatory reporter under UNL's policies.

20

121.   Johnson's review did not discuss or find fault in the IEC's failure to complete a timely investigation within sixty days or to note any extenuating circumstances in delaying the investigation.

122.   Defendant Strickman was the director and was responsible for ensuring that the IEC performed a neutral, timely, and thorough investigation of each complaint of sexual assault and harassment by the Plaintiff.

123.   Strickman condoned Pearce's delayed reporting of the Plaintiff's report of sexual assault despite him being a mandatory reporter.

124.   Strickman condoned and/or directed Counley's biased and harassing investigation of the female Plaintiff's claims giving the male Soltys and his male attorney great leeway to control and conduct the investigation in a manner that suited Soltys.

125.   Strickman condoned and/or directed Counley's failure to investigate the Stalking report in Fall of 2018 in a timely manner.

126.   Strickman condoned and/or directed Counley's failure to investigate the complaint of sexual assault by the Plaintiff in a timely manner.

127.   Strickman condoned and/or directed Counley's failure to note any extenuating circumstances for the delay in the investigation.

128.   Defendant Green was responsible for the policies and practices of the
       University including the direct supervision of Defendant Strickman and the
       Title IX office.

129.   In March and April 2019, Defendant Green was directly notified of
       continuous and serious deficiencies by the IEC and staff of Strickman.

130.   The complaints to Green included insufficient investigations, untimely
       investigations, biased investigations, and conduct of the IEC office, including
       Strickman and Counley designed to discourage female students from reporting
       and pursuing complaints under Title IX for sexual assault and/or harassment.

131.   Despite knowing the concerns regarding the IEC office, Strickman, and
       Counley, Green took no actions ensure that the Plaintiff was provided a neutral,
       thorough, and/or timely investigation as required by Title IX.

132.   Green took no action regarding Defendant Pearce's failure to timely report
       the Plaintiff's report to Title IX pursuant to the policies of UNL.

133.   Green provided a form letter to some of the individuals who complained
       directly to him, but did not take actions to address the deficiencies of the IEC.

134.   In 2019, Defendant Bounds was aware of the complaints to Green regarding
       the handling of Title IX complaints outlined above.

135.   Bounds took no action to ensure that Green took the complaints seriously.

22

136.    Bounds took no action to ensure that the IEC was required to follow the

policies of UNL.

137.    Bounds took no action regarding Defendant Pearce's failure to timely report

the Plaintiff's report to Title IX pursuant to the policies of UNL.

138.    The actions of all Defendants left the Plaintiff liable or vulnerable to

continued harassment and reasonable fear of further sexual assault by Soltys.

139.    As a result of the Defendants actions and failure to implement and follow

Title IX policies, the Plaintiff was forced to withdraw from UNL.

140.    Upon information and belief, other female students have been subjected to

biased, untimely, insufficient, and victim blaming interviews in a similar

fashion.

141.    Upon information and belief, other female students have been discouraged

from formally reporting sexual assault and harassment by the Title IX office.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF

## 20 U.S.C. § 1681 (TITLE IX)

## (AGAINST ALL DEFENDANTS)

142.    Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth

herein.

23

143.  The sex-based harassment articulated in Plaintiff's general allegations was

so severe, pervasive, and objectively offensive that it deprived Plaintiff of

access to educational benefits provided by UNL.

144.  Defendants created and/or subjected Plaintiff to a hostile educational

environment in violation of Title IX of the Education Amendments of 1972, 20

U.S.C. § 1681(a) ("Title IX), because:

(a) Plaintiff, a female student, was a member of a protected class.

(b) Plaintiff was subjected to sexual harassment in the form of a sexual assault

by another UNL student.

(c) Plaintiff was subjected to harassment based on her sex.

(d) Defendants created the circumstances which permitted the sexual assault to

take place by failing to follow normal reporting and investigative procedures

regarding sexual assault and failing to properly train staff.

(e) Defendants' failure to follow normal protocols in order to protect the

university and failure to properly train staff cultivated an environment in

which female students became vulnerable to sexual assault.

(f) Plaintiff was subjected to a hostile educational environment created by

Defendants' lack of effective and appropriate policies and procedures to

properly prevent, investigate, and address sexual assault and harassment

and/or lack of implementation of effective and appropriate policies and

24

procedures to properly prevent, investigate, and address sexual assault and harassment.

145.   Defendants' failure to promptly and appropriately respond to the sexual assault resulted in Plaintiff, based on her gender, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in UNL's education program in violation of Title IX.

146.   Defendants failed to take immediate, effective remedial steps to resolve the complaint of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

147.   The acts, and failures to act, perpetrated against Plaintiff amounted to unlawful sexual harassment and discrimination on the basis of gender. One or more administrators or officials of UNL, with authority to take corrective action on Plaintiff's behalf, had actual notice of said discrimination and failed to adequately respond, in violation of their own policies. Those failures amounted to deliberate indifference toward the unlawful sexual conduct that had occurred, was occurring, or was likely to occur.

148.   Defendants engaged in suppressing sexual assault grievances, violated its own policies regarding sexual assault investigations, violated Title IX, and provided preferential treatment to male perpetrators.

149.   This pattern and practice resulted in an unwritten, unofficial policy of protecting perpetrators and discouraging complainants from reporting.

150.   This policy constitutes disparate and unequal treatment of female students and has a disparate impact on female students.

151.   As enumerated above, the Defendants acted with deliberate indifference in deviating from the standard of care outlined by USED in the Dear Colleague Letter of 2011.

152.   Plaintiff has suffered emotional distress, psychological damages, physical manifestation of psychological distress, humiliation, loss of self-esteem, loss of enjoyment of life, loss of earnings, loss of earning capacity, academic failures, and past and ongoing medical expenses as a direct and proximate result of Defendants' deliberate indifference to her rights under Title IX.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

### (AGAINST ALL DEFENDANTS)

153.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

154.   Under the Fourteenth Amendment, Plaintiff, a female university student, had the right to Equal Protection of Laws. Defendants were state actors acting under color of state law.

26

155. Defendants subjected Plaintiff to violations of her right to and Equal

Protection of Laws by maintaining a custom, policy and/or procedure:

    a. Of actively discouraging victims of sexual assault from reporting

       sexual assaults.

    b. Of failing to notify sexual assault victims of their Title IX

       protections, rights and accommodations.

    c. Of failing to notify sexual assault victims of all reporting and

       confidentiality options.

    d. Of failing to adequately train administrators, employees and others

       in a position to discover, report, investigate or prevent the acts

       complained of herein, which amounted to the above referenced

       violations of constitutional rights and / or federal law.

156. Plaintiff has suffered emotional distress, psychological damages, physical

manifestation of psychological distress, humiliation, loss of self-esteem, loss of

enjoyment of life, loss of earnings, loss of earning capacity, academic failures,

and past and ongoing medical expenses as a direct and proximate result of

Defendant's deliberate indifference to her rights under Title IX.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests this court to assume

jurisdiction over this case and:

27

a. Compensatory damages for Plaintiff's psychological and emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, humiliation, loss of enjoyment of life, prevention of obtaining full enjoyment of life, loss of earnings past, present, and future, loss of earning capacity, past, present, and future expenses for medical and psychological treatment and therapy;

b. Punitive damages;

c. Injunctive relief requiring Defendants to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in all its programs and activities; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it;

d. Statutory interest;

e. Costs;

f. Reasonable attorney fees; and

g. Any other relief the Court deems appropriate.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request that a Jury Trial be held in Lincoln, Nebraska.

28

JANE DOE and all similarly situated,

By:/s/ Abby Osborn

Abby Osborn, #24527
Joy Shiffermiller, #18164
Shiffermiller Law Office, P.C., L.L.O.
1002 G Street
Lincoln, Nebraska 68508
402-484-7700
402-484-7714 (fax)

| Image ID:<br>D00592564D02 | **SUMMONS** | Doc. No.    592564 |

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                 NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Board of Regents of the University

**FILED BY**

Clerk of the Lancaster District Court
03/03/2020

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: MARCH 3, 2020        BY THE COURT: _Troy L Hawk_
                                         Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Board of Regents of the University
of Nebraska; Varner Hall
3835 Holdrege St
Lincoln, NE 68583

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592564 |
|---|---|

```
            LANCASTER DISTRICT COURT
            575 S. 10th Street - 3rd Floor
            SEPARATE JUVENILE COURT-4th Floor
            Lincoln            NE 68508
To:
Case ID: CI 20      662 Jane Doe v. Board of Regents
```

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles            _____

   TOTAL                   $ _____

Date: _____    BY: _____
                                             (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                  _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Board of Regents of the University      From: Abby K Osborn
    of Nebraska; Varner Hall                      1002 G Street
    3835 Holdrege St                              Lincoln, NE 68508
    Lincoln, NE 68583
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID:<br>D00592565D02 | **SUMMONS** | Doc. No.    592565 |
|---|---|---|

```
                IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
                        575 S. 10th Street - 3rd Floor
                        SEPARATE JUVENILE COURT-4th Floor
                        Lincoln            NE 68508
```

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Hank Bounds

**FILED BY**

Clerk of the Lancaster District Court

03/03/2020

You have been sued by the following plaintiff(s):

     Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MARCH 3, 2020      BY THE COURT:  *Troy L. Clark*
                                        Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

          Hank Bounds
          President; UCOM 3121
          307 N University Blvd
          Mobile, AL

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592565 |
|---|---|

```
LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln             NE 68508
```

To:
Case ID: CI 20    662 Jane Doe v. Board of Regents

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                    _____

Mileage ____miles       _____

   TOTAL               $ _____

Date: _____      BY: _____
                                       (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                        _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Hank Bounds              From:  Abby K Osborn
    President; UCOM 3121             1002 G Street
    307 N University Blvd            Lincoln, NE 68508
    Mobile, AL
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID:<br>D00592567D02 | **SUMMONS** | Doc. No.   592567 |

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                NE 68508


Jane Doe v. Board of Regents

Case ID: CI 20      662


TO:  Jake Johnson

**FILED BY**

Clerk of the Lancaster District Court
03/03/2020

You have been sued by the following plaintiff(s):

Jane Doe




Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.


Date: MARCH 3, 2020      BY THE COURT:  *Troy L Clark*
                                        Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Jake Johnson
33 Canfield Administrative Bldg
PO Box 880418
Lincoln, NE

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | | Doc. No.    592567 |
| --- | --- | --- |

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

To:
Case ID: CI 20     662 Jane Doe v. Board of Regents

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage _____miles        _____

    TOTAL            $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Jake Johnson                    From:  Abby K Osborn
    33 Canfield Administrative Bldg         1002 G Street
    PO Box 880418                           Lincoln, NE 68508
    Lincoln, NE

## ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00592570D02

## SUMMONS

Doc. No.    592570

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Marc Pearce

**FILED BY**

Clerk of the Lancaster District Court
03/03/2020

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: MARCH 3, 2020      BY THE COURT:  _Troy L. Tiwk_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Marc Pearce
McCollum Hall (Law)
106A UNL
Lincoln, NE 68583-0902

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592570 |
|---|---|

```
LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508
```

To:
Case ID: CI 20      662 Jane Doe v. Board of Regents

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                        _____

Mileage _____miles          _____

   TOTAL                  $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

To: Marc Pearce                    From:  Abby K Osborn
    McCollum Hall (Law)                   1002 G Street
    106A UNL                              Lincoln, NE 68508
    Lincoln, NE 68583-0902

## ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID:<br>D00592568D02 | **SUMMONS** | Doc. No.   592568 |

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Meagan Counley

**FILED BY**

Clerk of the Lancaster District Court
03/03/2020

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney:   Abby K Osborn
Address:                1002 G Street
                        Lincoln, NE 68508

Telephone:              (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MARCH 3, 2020      BY THE COURT:   _Troy L Hawk_
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Meagan Counley
Title IX Coordinator
128 Canfield
Lincoln, NE

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592568 |
|---|---|

```
LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508
```

To:
Case ID: CI 20      662 Jane Doe v. Board of Regents

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                        _____

Mileage _____miles          _____

    TOTAL              $ _____

Date: _____   BY: _____
                                            (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

```
To: Meagan Counley              From:  Abby K Osborn
    Title IX Coordinator               1002 G Street
    128 Canfield                       Lincoln, NE 68508
    Lincoln, NE
```

## ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID: D00592566D02 | **SUMMONS** | Doc. No.    592566 |
|---|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                  NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Ronnie Green

**FILED BY**

Clerk of the Lancaster District Court
03/03/2020

You have been sued by the following plaintiff(s):

    Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: MARCH 3, 2020      BY THE COURT:  _Troy L Hawk_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Ronnie Green
        201 Canfield Admin, Bldg South
        501 N 14th St
        Lincoln, NE

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592566 |
|---|---|

```
          LANCASTER DISTRICT COURT
          575 S. 10th Street - 3rd Floor
          SEPARATE JUVENILE COURT-4th Floor
          Lincoln              NE 68508
To:
Case ID: CI 20     662 Jane Doe v. Board of Regents
```

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                        _____

Mileage ____miles          _____

   TOTAL          $ _____

Date: _____    BY: _____

                                                         (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Ronnie Green                    From:  Abby K Osborn
    201 Canfield Admin, Bldg South          1002 G Street
    501 N 14th St                           Lincoln, NE 68508
    Lincoln, NE
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID:<br>D00592569D02 | **SUMMONS** | Doc. No.    592569 |
|---|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Tami Strickman

**FILED BY**

Clerk of the Lancaster District Court
03/03/2020

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: MARCH 3, 2020        BY THE COURT:    _Troy L. Hawk_
                                                 Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Tami Strickman
2072 Administrative Services Bldg
1009 Green St
Ann Arbor, MI 48109

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592569 |
| --- | --- |

```
LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508
```

To:
Case ID: CI 20    662 Jane Doe v. Board of Regents

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                     _____

Mileage ____miles        _____

    TOTAL             $ _____

Date: _____    BY: _____
                                    (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Tami Strickman                    From: Abby K Osborn
    2072 Administrative Services Bldg      1002 G Street
    1009 Green St                          Lincoln, NE 68508
    Ann Arbor, MI 48109
```

## ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI250000662
Transaction ID: 0010388870
Filing Date: 03/09/2020 10:29:00 AM CDT

| Image ID:<br>D00592566D02 | **SUMMONS** |
|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Ronnie Green

You have been sued by the following plaintiff(s):

    Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  MARCH  3, 2020    BY THE COURT:  _Troy L Cin K_
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

        Ronnie Green
        201 Canfield Admin, Bldg South
        501 N 14th St
        Lincoln, NE

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronnie Green
201 Canfield Admin, Bldg South
501 N. 14th St.
Lincoln, NE

9590 9402 5047 9092 4434 61

2. Article Number (Transfer from service label)

7019 1640 0000 2295 9429

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

Nebraska-Lincoln
University Services
& Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
3-6-20

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website

LINCOLN NE 68588

**OFFICIAL**

Certified Mail Fee $3.55    3.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $0.00
☐ Certified Mail Restricted Delivery    $0.00
☐ Adult Signature Required    $0.00
☐ Adult Signature Restricted Delivery $0.00

Postage $2.00

Total Postage and Fees $8.40

Sent To  Ronnie Green
Street and Apt. No., or PO Box No. 201 Canfield Admin. Bldg. South
501 N. 14th St.
City, State, ZIP+4 Lincoln, NE

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 1640 0000 2295 9429

---

Mileage _____ miles    _____

TOTAL    $ _____

Date: _____    BY: _____
(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail
TO THE PARTY: _____Ronnie Green_____

At the following address: _____201 Canfield Admin Bldg South_____
_____501 N. 14th St._____
_____Lincoln, Nebraska_____

on the ___7th___ day of ___March___ ___2020___, as required by Nebraska state law.

Postage $ __8.40__    Attorney for: ___Plaintiff Jane Doe___

The return receipt for mailing to the party was signed on __March 6, 2020__

To: Ronnie Green
    201 Canfield Admin, Bldg South
    501 N 14th St
    Lincoln, NE

From: Abby K Osborn
      1002 G Street
      Lincoln, NE 68508

## ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Monday, March 09, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Counley,Meagan, service method: No Service

Pearce,Marc, service method: No Service

Johnson,Jake, service method: No Service

Strickman,Tami, service method: No Service

Green,Ronnie, service method: No Service

Bounds,Hank, service method: No Service

Board of Regents of the University service method: No Service

Signature: /s/ Abby Osborn (Bar Number: 24527)

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200000662
Transaction ID: 0010410792
Filing Date: 03/11/2020 12:15:32 PM CDT

Image ID:
D00592570D02

## SUMMONS

Doc. No. 592570

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20        662

TO:  Marc Pearce

You have been sued by the following plaintiff(s):

    Jane Doe

Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MARCH 3, 2020        BY THE COURT:    _Troy L Clark_
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Marc Pearce
        McCollum Hall (Law)
        106A UNL
        Lincoln, NE 68583-0902

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592570 |
|---|---|

LANCASTER DISTRICT COURT

To:
Case ID: CI 20      662 J

Received this Summ

**U.S. Postal Service™**
**CERTIFIED MAIL® REC**
Domestic Mail Only

For delivery information, visit our website

LINCOLN, NE 68503
OFFICIAL

| Certified Fee | $3.55 | 386 |
| Extra Services & Fees (check box, add fee as appropriate) | | 205 |
| ☑ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $0.00 | |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | | |
| Postage | $2.00 | |
| Total Postage & Fees | $8.40 | |

Sent To  Marc Pearce
Street and Apt. No., or PO Box No.  McCollum Hall (Law)
106A UNL
City, State, ZIP+4  Lincoln, NE 68583-0902

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7019 0160 0001 1126 6249

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   Marc Pearce
   McCollum Hall (Law)
   106A UNL
   Lincoln, NE 68583-0902

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5498 9249 5391 08

2. Article Number (Transfer from service label)
   7019 0160 0001 1126 6249

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

University of Nebraska-Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE 68588-0699

A. Signature
☑ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
                                   3-6-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Date: _____      BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail
TO THE PARTY: _____Marc Pearce_____

At the following address: _____McCollum Hall (Law)_____

_____106A UNL_____

_____Lincoln, NE 68583-0902_____

on the __6th__ day of __March__ __2020__ as required by Nebraska state law.

Postage $ _8.40_      Attorney for: _Plaintiff Jane Doe_

The return receipt for mailing to the party was signed on _March 6, 2020_

To: Marc Pearce                    From: Abby K Osborn
    McCollum Hall (Law)                  1002 G Street
    106A UNL                             Lincoln, NE 68508
    Lincoln, NE 68583-0902

## ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Wednesday, March 11, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Strickman,Tami, service method: No Service

Counley,Meagan, service method: No Service

Pearce,Marc, service method: No Service

Bounds,Hank, service method: No Service

Board of Regents of the University service method: No Service

Johnson,Jake, service method: No Service

Green,Ronnie, service method: No Service

Signature: /s/ Abby Osborn (Bar Number: 24527)

Image ID:
D00592568D02

| SUMMONS |
| --- |

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200000662
Transaction ID: 0010422046
Filing Date: 03/12/2020 03:25:35 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                NE 68508

Jane Doe v. Board of Regents

                                              Case ID: CI 20      662


TO:  Meagan Counley



You have been sued by the following plaintiff(s):

    Jane Doe




Plaintiff's Attorney:    Abby K Osborn
Address:                 1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MARCH 3, 2020        BY THE COURT:  _Troy L. Clark_
                                                  Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Meagan Counley
        Title IX Coordinator
        128 Canfield
        Lincoln, NE

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    592568 |

To:
Case ID: CI 20    662 Ja

Received this Summo

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Meagan Counley
Title IX Coordinator
128 Canfield
Lincoln, NE

9590 9402 5498 9249 5390 92

2. Article Number (Transfer from service label)

7019 1640 0000 2295 9443

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                          ☐ Agent
                           ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Nebraska-Lincoln
University Services
Mail & Distribution Services
1100 N. 17th St.
P.O. Box 880699
Lincoln, NE

3. Service Type
☒ Adult Signature           ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®           ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise
☐ Collect on Delivery       ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® REC**
Domestic Mail Only

For delivery information, visit our website

Certified Mail Fee    $3.55    3.55
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $
Postage    $2.00
$
Total Postage and Fees    $8.40
$
Sent To    Meagan Counley
Title IX Coordinator
Street and Apt. No., or PO Box No.
128 Canfield
City, State, ZIP+4®
Lincoln, NE

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Date: _____    BY: _____
                                (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____Meagan Counley_____

At the following address: __Title IX Coordinator__

__128 Canfield__

__Lincoln, NE__

on the __4th__ day of __March__ __2020__, as required by Nebraska state law.

Postage $ __8.40__    Attorney for: __Plaintiff Jane Doe__

The return receipt for mailing to the party was signed on __March 10, 2020__

To: Meagan Counley          From: Abby K Osborn
    Title IX Coordinator          1002 G Street
    128 Canfield                  Lincoln, NE 68508
    Lincoln, NE

## ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Thursday, March 12, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Counley,Meagan, service method: No Service

Strickman,Tami, service method: No Service

Bounds,Hank, service method: No Service

Pearce,Marc, service method: No Service

Johnson,Jake, service method: No Service

Board of Regents of the University service method: No Service

Green,Ronnie, service method: No Service

Signature: /s/ Abby Osborn (Bar Number: 24527)

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200000662
Transaction ID: 0010445358
Filing Date: 03/17/2020 11:00:03 AM CDT

Image ID:
D00592564D02

## SUMMONS

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Board of Regents of the University

You have been sued by the following plaintiff(s):

    Jane Doe

Plaintiff's Attorney:     Abby K Osborn
Address:                  1002 G Street
                         Lincoln, NE 68508

Telephone:               (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MARCH 3, 2020      BY THE COURT:  _____
                                           Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Board of Regents of the University
        of Nebraska; Varner Hall
        3835 Holdrege St
        Lincoln, NE 68583

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Board of Regents of the
University of Nebraska
Varner Hall
3835 Holdrege
Lincoln, NE 68583

9590 9402 5047 9092 4434 85

2. Article Number (Transfer from service label)

7019 1640 0000 2295 1171

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent   ☐ Addressee

Nebraska-Lincoln
University (Service Name)
Mail & Distribution Services

C. Date of Delivery
3-6-20

P.O. Box 880699
Lincoln, NE 68588-0699

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website

LINCOLN, NE 68508

Certified Mail Fee  $3.55  3.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $_____
☑ Return Receipt (electronic)  $0.00
☐ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required  $0.00
☐ Adult Signature Restricted Delivery  $_____

Postage  $2.00
$2.00

Total Postage and Fees  $8.40
$8.40

Sent To  Board of Regents of the University of NE
          Varner Hall
Street and Apt. No., or PO Box No.  3835 Holdrege St.
City, State, ZIP+4®  Lincoln, NE 68583

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7019 1640 0000 2295 1171

---

TOTAL   $ _____

Date: _____   BY: _____
                                (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____Board of Regents of the University of NE_____

At the following address: _____Varner Hall_____

_____3835 Holdrege_____

_____Lincoln, NE 68583_____

on the __4th__ day of __March__ __2020__, as required by Nebraska state law.

Postage $ __8.40__   Attorney for: __Plaintiff, Jane Doe__

The return receipt for mailing to the party was signed on __March 6, 2020__

To: Board of Regents of the University
    of Nebraska; Varner Hall
    3835 Holdrege St
    Lincoln, NE 68583

From: Abby K Osborn
      1002 G Street
      Lincoln, NE 68508

# ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Tuesday, March 17, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Counley,Meagan, service method: No Service

Pearce,Marc, service method: No Service

Green,Ronnie, service method: No Service

Bounds,Hank, service method: No Service

Strickman,Tami, service method: No Service

Board of Regents of the University service method: No Service

Johnson,Jake, service method: No Service

Signature: /s/ Abby Osborn (Bar Number: 24527)

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI200000662
Transaction ID: 0010456702
Filing Date: 03/18/2020 11:26:18 AM CDT

| Image ID:<br>D00592569D02 | **SUMMONS** |
|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508

Jane Doe v. Board of Regents

Case ID: CI 20      662

TO:  Tami Strickman

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney:      Abby K Osborn
Address:                   1002 G Street
                           Lincoln, NE 68508

Telephone:                 (402) 484-7700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MARCH 3, 2020      BY THE COURT:  _Troy L Clark_
                                         Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Tami Strickman
2072 Administrative Services Bldg
1009 Green St
Ann Arbor, MI 48109

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tami Strickman
2072 Administrative Services Bldg
1009 Green St.
Ann Arbor, MI 48109

9590 9402 5498 9249 5390 85

2. Article Number (Transfer from service label)

7019 1640 0000 2295 1164

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

ANN ARBOR, MI 48109    OFFICIAL

Certified Mail Fee  $3.55    3.85

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)  $ _____
☐ Return Receipt (electronic)  $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required  $ $0.00
☐ Adult Signature Restricted Delivery $

Postage  $2.00

Total Postage and Fees  $ $8.40

Sent To  Tami Strickman
Street and Apt. No., or PO Box No. 2072 Administrative Services Bldg.
1009 Green St.
City, State, ZIP+4 Ann Arbor, MI 48109

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 1640 0000 2295 1164

---

Mileage _____ miles    _____

TOTAL    $ _____

Date: _____    BY: _____
                              (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Tami Strickman_

At the following address: _2072 Administrative Services Bldg._
_1009 Green St._
_Ann Arbor, MI 48109_

on the _4th_ day of _March_ _2020_, as required by Nebraska state law.

Postage $ _8.40_    Attorney for: _Plaintiff, Jane Doe_

The return receipt for mailing to the party was signed on _March 9, 2020_

To: Tami Strickman            From: Abby K Osborn
    2072 Administrative Services Bldg       1002 G Street
    1009 Green St                  Lincoln, NE 68508
    Ann Arbor, MI 48109

## ATTACH RETURN RECEIPT & RETURN TO COURT

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70191640000022951164

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 1:27 pm on March 9, 2020 in ANN ARBOR, MI 48109.

### ⊘ Delivered

March 9, 2020 at 1:27 pm
Delivered, Front Desk/Reception/Mail Room
ANN ARBOR, MI 48109

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**      ⌄

---

**Tracking History**      ⌄

---

**Product Information**      ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

# Certificate of Service

I hereby certify that on Wednesday, March 18, 2020 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Counley,Meagan, service method: No Service

Board of Regents of the University service method: No Service

Bounds,Hank, service method: No Service

Johnson,Jake, service method: No Service

Strickman,Tami, service method: No Service

Pearce,Marc, service method: No Service

Green,Ronnie, service method: No Service

Signature: /s/ Abby Osborn (Bar Number: 24527)