IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, HANK BOUNDS, President of the University of Nebraska, individually and in his official capacity; RONNIE GREEN, Chancellor of the University of Nebraska-Lincoln, individually and in his official capacity; JAKE JOHNSON, Assistant Vice Chancellor for Student Affairs, individually and in his official capacity; MEAGAN COUNLEY, Deputy Title IX Coordinator for UNL, individually and in her personal capacity; TAMI STRICKMAN, Associate to the Chancellor and Title IX Coordinator, individually and in her personal capacity; and MARC PEARCE, Assistant Dean for Student Affairs and Administration at the University of Nebraska College of Law, individually and in his personal capacity;<br><br>Defendants. | 4:20CV3036<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Unopposed Motion to Extend. (Filing No. 28.) The motion is granted. Accordingly,

IT IS ORDERED that the provisions of the Court's previous final progression order remain in effect, and in addition to those provisions, progression is as follows:

1) The trial and pretrial conference will not be set at this time. The telephonic status conference presently scheduled for April 5, 2021 is canceled. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held by telephone with the undersigned magistrate judge on **August 10, 2021** at **2:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 8.)

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is **July 16, 2021**. Motions to compel written discovery under Rules 33, 34, 36 and 45 must be filed by **August 6, 2021**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3)     The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **April 19, 2021** |
| For the defendant(s): | **May 14, 2021** |
| Rebuttal: | **June 11, 2021** |

4)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **January 20, 2021** |
| For the defendant(s): | **March 1, 2021** |
| Rebuttal: | **March 16, 2021** |

5)     The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **August 20, 2021**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b. Depositions will be limited by Rule 30(d)(1).

6)     The deadline for filing motions to dismiss and motions for summary judgment is **September 10, 2021**.

7)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **October 8, 2021**.

8)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 31st day of December, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.